IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **DISINTERMEDIATION SERVICES, INC.,** | § § § | |
| *Plaintiff,* | § § | W-22-CV-00652-ADA-DTG |
| v. | § § § | |
| **SNATCH GROUP LTD.,** | § § | |
| *Defendant.* | § | |

### ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT

Before the Court is Plaintiff's Motion for Leave to Effect Alternative Service (ECF No. 7). After carefully considering the Motion and applicable law, the Court **DENIES** Plaintiff's Motion.

### I.    FACTUAL BACKGROUND

Plaintiff sued Defendant Snatch Group Ltd. for patent infringement. ECF No. 1. Defendant is an Israel based company with its registered address at 9 Abba Aban Blvd, Herzliya Pituach, Israel. ECF No. 7 at 1. After receiving the summons, Plaintiff attempted service by mailing the complaint and exhibits along with the summons via the Texas Secretary of State. *Id.* at 3. The Texas Secretary of State issued a certification that the mailed service packet was returned to sender. *Id.*

### II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation outside the United States is to be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.*, No. 6:19-cv-261-

1

ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

### III.   ANALYSIS

Plaintiff argues that alternative service should be permitted because its prior service attempt of mailing the complaint and exhibits along with the summons via the Texas Secretary of State was "reasonable." ECF No. 7 at 3. Plaintiff requests an order authorizing service via an email address for Defendant's Chief Technology Officer. *Id.* at 5.

"[T]he task of determining when the particularities and necessities of a given case require alternate service of process is placed squarely within the sound discretion of the district court." *SEC v. Millennium Bank*, No. 7:09-CV-050-O, 2009 WL 10689097, at *1 (N.D. Tex. Oct. 21, 2009). This Court has repeatedly emphasized that "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its effort to secure service of process upon a defendant." *Monolithic Power Systems, Inc. v. Meraki Integrated Circuit (Shenzen) Technology, Ltd.*, No. 6:20-cv-00876-ADA, 2021 WL 4974040, at *1 (W.D. Tex. October 25, 2021).

Plaintiff has not attempted to follow the service of process procedures in the Hague Service Convention, but rather asks this Court to permit Plaintiff to sidestep those procedures from the outset. This Court declines that invitation. This Court has repeatedly emphasized that as a matter of discretion, it will generally require plaintiffs to attempt service in compliance with the Hague Service Convention before authorizing alternative service. *See e.g.*, *Guangzhou Jinli Elec. Tech. Co., Ltd. v. Shenzhen Damuzhi Health Info. Consulting Co., Ltd.*, No. 6:21-CV-01383-ADA-DTG,

slip op. at 3 (W.D. Tex. June 16, 2022). Plaintiff has not attempted to serve Defendant through the procedures set out in the Hague Service Convention or other methods that comply with foreign law. Thus, the Court **DENIES** Plaintiff's Motion for Leave to Effect Alternative Service.

The Court's denial of Plaintiff's Motion for Leave to Effect Alternative Service is without prejudice. However, future attempts to seek alternative service will likewise be unsuccessful unless Plaintiff can provide evidence that it attempted service through the Hague Service Convention and was either unsuccessful or encountered extreme delays of greater than six months. Additionally, this Court must also be assured that the requested service will satisfy due process. Any future attempts by Plaintiff to seek alternative service must include evidence and support demonstrating that the proposed alternative means such as an email is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Effect Alternative Service is **DENIED** without prejudice.

SIGNED this 8th day of August, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE